**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DEBORAH HAZEL,
Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

No. 96-1415

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
G. Ross Anderson, Jr., District Judge.
(CA-94-3461-2-3AJ)

Submitted: April 22, 1997

Decided: May 2, 1997

Before HALL and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mary J. Wiesen-Kosinski, Aiken, South Carolina, for Appellant. Margaret B. Seymour, United States Attorney, John B. Grimball, Assistant United States Attorney, Arthur J. Fried, General Counsel, A. George Lowe, Acting Associate General Counsel, Litigation Division, Richard Fox, Office of General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Deborah Hazel appeals from a district court order adopting the magistrate judge's recommendation to affirm the Commissioner's denial of Hazel's applications for disability insurance benefits and Supplemental Security Income payments. On appeal, Hazel contends that the Commissioner erred in finding that she is not disabled by pain stemming from back and neck problems, or from her mental impairments, which include borderline intellectual functioning and depression. We affirm.

We must uphold the decision of the Commissioner if it is supported by substantial evidence. See Hays v. Sullivan , 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support the Commissioner's decision. See Richardson v. Perales, 402 U.S. 389, 401 (1971). This evidence may be more than a scintilla but less than a preponderance. See Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984).

Under the applicable regulations, the determination of whether a person is disabled by pain or other symptoms is a two-step process. First, there must be objective medical evidence showing the existence of a medical impairment(s) which could reasonably be expected to produce the pain or symptoms alleged. See 20 C.F.R. §§ 416.929(b), 404.1529(b) (1996); Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). It is insufficient to show that the impairment could reasonably be expected to merely cause some pain. Rather, the impairment must be one which could be reasonably expected to cause the kind or severity of pain which the claimant, specifically, suffers. See Craig, 76 F.3d at 594. Only after a claimant makes this threshold showing does the intensity and persistence of the pain, and the extent to which it affects her ability to work, become relevant. Id. at 595. Evaluation of this question takes into account "all available evidence," including the

2

claimant's statements about her pain, her medical history and treatment, symptoms, laboratory findings, objective medical evidence of pain, and evidence relating to her daily activities. See id.

We agree with the Commissioner that substantial evidence supports the ALJ's determination that Hazel failed to establish the presence of an impairment which could reasonably be expected to produce the level of pain she alleged. The record in this case contains no objective evidence of any significant impairment. Hazel underwent extensive diagnostic testing, including X-rays, an MRI, an EMG, and a bone scan, but none of these tests revealed a significant impairment. She was evaluated by a neurologist and an orthopedist, who examined her and considered her diagnostic tests but identified no objective basis for a finding of impairment. While these physicians diagnosed pain due to back and neck strain, it appears, as the ALJ commented, that these diagnoses were based merely on Hazel's complaints, as the physicians point to no other basis for their diagnoses.

Moreover, no physician found an impairment commensurate with the level of pain Hazel alleges. Only Dr. Pearce found a quantifiable impairment. He rated that impairment at five to ten percent, and advised Hazel to avoid heavy lifting and repetitive bending. He also restricted her to lifting 20 pounds frequently. Hazel contends that her pain precludes her from performing her former job, yet there is no dispute that the work requirements of her former factory job stacking and bagging styrofoam plates fit within these work restrictions. Accordingly, we conclude that substantial evidence supports the ALJ's finding that Hazel failed to establish an impairment which could reasonably be expected to produce the pain she alleged.

We also find that substantial evidence supports the ALJ's finding that Hazel has failed to demonstrate a disabling mental condition. Hazel's full scale IQ, rated at 71 and 74, respectively, by two psychologists, does not meet the criteria of Listing 12.05(C). See 20 C.F.R. Part 404, Subpt. P, App. 1 (1996). Moreover, while Dr. Boyd, a psychologist, diagnosed depression and dependent personality disorder, his opinion was in conflict with the opinions of another psychologist and a psychiatrist, who found only mild depression which they believed Hazel managed well. The record contains no evidence that any aspect of Hazel's mental condition negatively impacted on her

3

ability to work in the past, and no evidence that her intellect or personality has significantly changed since she ceased working. The ALJ rationally relied on this fact in finding that she retains the mental capacity to perform her prior work. See Cauthen v. Finch, 426 F.2d 891, 892 (4th Cir. 1970).

Accordingly, we affirm the Commissioner's denial of benefits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4